issue, is quite a different proposition.    What the defendant uses is covered by the broad claim of the first reissue; but the court, in the *Hoffman Case*, decided that the patentee was not permitted to claim "any form of a wooden bushing in an iron one," but that he must be confined to the particular form and combination described in the original patent.    It was further decided that the form of the wooden bushing, or bung, with the double conical opening through the center, was "the very essence of that part of the invention," and could not be disregarded.    How, then, does the defendant infringe?    His bung is not bored through; it has no bevels; it is not screwed into the iron bushing; the iron bushing has no interior screw threads, and the bung has no exterior screw threads.    If the complainant had a valid claim broadly covering a hollow wooden bung inside an iron bushing, the defendant would be compelled to pay tribute; but, confining the claim within the narrow limits indicated, it must be held that he does not infringe.

The bill is dismissed.

---

### NEW YORK BUNG & BUSHING CO. *v.* FOEHRENBACH.

*(Circuit Court, S. D. New York.    March 7, 1885.)*

COXE, J.    The decision in *New York Bung & Bushing Co.* v. *Doelger, ante,* 191, disposes of this action also.    The bill is dismissed.

---

### ELECTRIC GAS-LIGHTING CO. *v.* SMITH & RHODES ELECTRIC CO.

*(Circuit Court, S. D. New York.    March 16, 1885.)*

PATENTS FOR INVENTIONS—REISSUE—VALIDITY.
    *Electric Gas-lighting Co.* v. *Tillotson,* 21 FED. REP. 568, followed, and the fifth claim of reissued patent No. 9,743, for electrical apparatus for lighting street lamps, *held* void.

In Equity.
*Edwin H. Brown,* for orator.
*Samuel B. Clarke,* for defendant.

WHEELER, J.    The only question presented in this case now, was decided in *Electric Gas-lighting Co.* v. *Tillotson,* 21 FED. REP. 568, on the same patent.    It is whether the fifth claim of the reissue is supported by the original, and has been reargued and reconsidered. The patent is for an electric gas-lighting apparatus.    The foundation for this fifth claim is sought for in the original first claim.    That